CHARLES B. GREENE
ATTORNEY AT LAW
84 W. SANTA CLARA STREET SUITE 740
SAN JOSE, CALIFORNIA 95113
(408) 279-3518
STATE ID # 56275
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re | Case No.: 12-50220 asw |
| **ROLAND YAMAGUCHI,** | Chapter 11 |
| Debtor. | **DEBTOR'S AMENDED PLAN OF REORGANIZATION** |
| | Judge Arthur S. Weissbrodt |

ROLAND YAMAGUCHI, (hereinafter "Debtor") proposes this Amended Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code.

I

DEFINITIONS

A. DEFINED TERMS

1. "Allowed Claim" or "Allowed Interest" means a claim against the Debtor, including interest where applicable, or an equity security interest in the Debtor, the extent that:

   a. proof of such claim or interest was:

      (1) timely filed, or

      (2) deemed filed pursuant to Section 1111(a) of the Bankruptcy Code, and

   b.   (1) is not a disputed claim or

      (2) is allowed and only to the extent of the Final Order.

2. "Bankruptcy Code" means Title 11 of the United States Bankruptcy Code.

3. "Bankruptcy Court" means the United States Bankruptcy Court of the Northern District of California, or in the event such court ceases to exercise jurisdiction over this Chapter 11 case, such court or adjunct thereof which thereafter exercises jurisdiction over this Chapter 11 case.

4. "Cash" means cash or cash equivalents, including but not limited to checks and other similar forms of payment or exchange.

5. "Chapter 11 Case" means this Chapter 11 case, Case No. 12-50220, filed by the Debtor on January 12, 2012.

6. "Claimant" means a holder of an Allowed Claim.

7. "Confirmation" means the entry of a Confirmed Plan.

8. "Confirmation Order" means the entered order of the Bankruptcy Court confirming this Plan of Reorganization.

9. "Debtor" means Roland Yamaguchi, the Debtor and Debtor-in-possession in the Chapter 11 case.

10. "Disputed Claim" or "Disputed Interest" means a claim against or interest in the Debtor
    a. which has been included in the Debtor's schedules as disputed, contingent or unliquidated, or a proof of claim filed by a creditor,
    b. as to which an objection has been filed on or before the Effective Date and which objection is not the subject of a Final Order and has not been withdrawn or no subsequent proof of claim has been filed by the creditor on or before the Effective Date.

11. "Distribution" means the Cash to be distributed under the Plan to holders of Allowed Claims.

12. "Effective Date" means the first business day which is 30 calendar days following confirmation.

13. "Filing Date" means January 12, 2012, the date of the filing of Debtor's Petition commencing the Chapter 11 case.

14. "Final Order" means an order of the Bankruptcy Court of the District Court as to which
    a. an appeal that has been taken has been finally determined and dismissed, or
    b. the time for appeal has expired and a notice of appeal has not been timely filed.

15. "Non-Classified Claims" means claims of the type described in Article III of the Plan.

16. "Plan" means this Plan of Reorganization.

B. <u>UNDEFINED TERMS</u>

A term used and not defined in this Plan, but which is defined on the Bankruptcy Code, has the meaning given to that term in the Bankruptcy Code.

II

## CLASSIFICATION OF CLAIMS AND INTERESTS

All claims (except Non-Classified Claims as described in Article III) and interests are divided into the following classes. Except as expressly provided otherwise, a claim or an interest which is properly within more than one class is in that class to the extent it qualified within the description of such class, and is a separate class to the extent it qualified within the description of such other class.

A. CLASSES OF CLAIMS

1. <u>Class A</u>: Class A consists of the secured claim of Nationstar Mortgage.
2. <u>Class B</u>: Class B consists the secured claim of Bank of New York Mellon.
3. <u>Class C</u>: Class C consists the secured claim of Bank of America.
4. <u>Class D</u>: Class D consists of the secured claim of Albert Tam.
5. <u>Class E</u>: Class E consists of the secured claim of Camden County Tax Commissioner.
6. <u>Class F</u>: Class F consists of the secured claim of City of St. Mary, Georgia.
7. <u>Class G</u>: Class G consists of the secured claim of Cumberland Harbour Property Owners Association.
8. <u>Class H</u>: Class H consists of the unsecured general non-disputed claims.

III

## TREATMENT OF NON-CLASSIFIED CLAIMS

1. <u>Administrative Claims</u>

Unclassified Allowed Administrative Claims, other than Operational Administrative Claims, entitled to priority under Section 507(a)(1) of the Bankruptcy Code, will receive payments as may be agreed upon between the Debtor and the administrative claimants. There is an administrative claim for professional fees owed to Debtor's counsel, Charles B. Greene, in the approximate sum of

$39,250.50 as of December 5, 2014 (the Debtor paid $10,300.00 to Charles B. Greene as and for a retainer fee and a filing fee of $1,100.00). The $39,250.50 represents the total fees incurred without any deduction for the retainer fee of $10,300.00 or the payment of $33,532.50.

The Debtor filed a motion with the Bankruptcy Court to approve the employment and retainer of Mr. Michael Stone, attorney at law, as special counsel to the Debtor concerning the disputed claim of Albert Tam. The Court approved the terms of employment agreement. Mr. Stone's fee agreement is a contingency agreement for the payment of 33 1/3% of any amounts recovered by Mr. Yamaguchi from the settlement of the dispute with Mr. Tam. The dispute with Mr. Tam has been resolved as otherwise set forth herein. The Debtor is to receive approximately $190,000.00. Thus, the fees payable to Mr. Stone are approximately $63,333.00. Mr. Stone has filed motion with the Bankruptcy Court to approve his fees per the employment agreement between the Debtor and Mr. Stone. That hearing is set for December 4, 2014 at 1:15 p.m.

2. <u>Pre-Petition Secured Claim of the Internal Revenue Service</u>.

There is no pre-petition secured claim of the Internal Revenue Service.

3. <u>Pre-Petition Secured Claim of the Franchise Tax Board.</u>

There is no pre-petition secured claim of the Franchise Tax Board.

3. <u>Pre-Petition Unsecured Priority Claim of the Internal Revenue Service</u>.

There is no pre-petition unsecured priority claim of the Internal Revenue Service.

4. <u>Pre-Petition Unsecured Priority Claim of the Franchise Tax Board</u>.

There is no pre-petition unsecured priority claim of the Franchise Tax Board.

5. <u>Post-Petition Claim of the Internal Revenue Service</u>.

There is no post-petition claim of the Internal Revenue Service.

6. <u>Post-Petition Claim of the Franchise Tax Board</u>.

There is no post-petition claim of the Franchise Tax Board.

IV

**TREATMENT OF ALLOWED CLASSIFIED CLAIMS**

Claimants shall receive distributions set forth in this Article IV on account of, and in complete

satisfaction of, all their Allowed Claims.

1. Class A: Secured Claim of Nationstar Mortgage.

Class A consists of the secured claim of Nationstar Mortgage regarding the first deed of trust against the real property located at 2852 Sugarpine Court, San Jose, the Debtor's primary residence. The fair market value of the real property is $740,000.00. The Class A creditor has a pre-petition arrearage claim of $52,050.62 which bears interest at 3.125% per year. The Class A creditor and the Debtor have entered into a stipulation regarding payments to be made by the Debtor to the Class A creditor. The stipulation is attached to the Disclosure Statement as Exhibit "C" and is incorporated by reference herein. Pursuant to the terms of the stipulation, the Debtor shall be responsible to make all payments on account of the mortgage in accordance with the terms of the stipulation and shall be bound by those terms. The Class A creditor shall retain the same lien rights post-petition as existed pre-petition. The Class A creditor is an impaired creditor.

2. Class B: Secured Claim of Bank of New York Mellon.

Class B consists of the secured claim of Bank of New York Mellon regarding the second deed of trust against the real property located at 2852 Sugarpine Court, San Jose, the Debtor's primary residence. The fair market value of the real property is $740,000.00. The Class B creditor has a pre-petition arrearage claim of $69,523.54. The Class B creditor debt is approximately $517,973.54 as of the date of filing of the petition. The Class B creditor has agreed to accept the amount of $1,443.00 per month as the regular mortgage payment from the Debtor until such time as the Class B creditor informs the Debtor to the contrary that the monthly mortgage payment has changed to some other amount. The Debtor has paid to the Class B creditor the $1,443.00 per month as instructed by the Class B creditor and is current on those payments. The Class B creditor shall retain the same lien rights, post-petition, as existed pre-petition. The Class B creditor is an impaired creditor.

3. Class C: Secured Claim of Bank of America.

Class C consists of the secured claim of Bank of America (since assigned to Greentree Servicing) regarding the first deed of trust against the real property located at 2573 Madden Avenue, San Jose, California. Such property is a 4-plex apartment building. The fair market value of the real

property is approximately $625,000.00. The Class C creditor is owed approximately $347,000.00. The Class C creditor shall be paid the contractual monthly mortgage obligation amount without any change, alteration or modification. The Clss C creditor filed a claim for pre-petition arrearages of $2,549.00. Such arrearage amount will be paid as part of the ongoing monthly mortgage payments (that is, the pre-petition arrearage shall be added to the loan balance and paid on a post-petition basis). The Class C creditor shall retain the same lien rights post-petition as existed pre-petition. The Class C creditor is an unimpaired creditor.

    4. <u>Class D: Secured Claim of Albert Tam</u>.

Class D consists of the secured claim of Albert Tam regarding the deed of trust against the real property at 2573 Madden Avenue, San Jose, California, a four-plex apartment building. The fair market value of the property is $625,000.00. The Class D claimant is owed approximately $25,000.00 (this amount includes the original principal amount of $12,500.00 plus additional accrued interest). The Class D creditor shall be paid in full all principal and all interest not later than December 31, 2015. The source of payment shall either be from the proceeds of sale of the real property, or the contribution of funds to the Debtor from third parties to pay the Class D creditor all principal and interest. The Class D creditor shall retain the same legal rights post-petition as existed pre-petition. The Class D creditor is an impaired creditor.

    5. <u>Class E: Secured Claim of Camden County Tax Commissioner</u>.

Class E consists of the secured claim of Camden County Tax Commissioner for unpaid real estate taxes regarding the undeveloped lot APN #150C-655 located in St. Mary, Georgia. The fair market value of the real property is $10,000.00. The Class E creditor debt is approximately $310.00. The Class E creditor shall be paid 100% of its claim, that is $310.00, within twenty days of the date of plan confirmation. The Class E lien rights shall remain unchanged post-petition. The Class E creditor is an impaired creditor.

    6. <u>Class F: Secured Claim of City of St. Mary, Georgia</u>.

Class F consists of the secured claim of the City of St. Mary, Georgia regarding the undeveloped lot APN #150C-655 located in St. Mary, Georgia. The fair market value of the real

property is $10,000.00. The Class F creditor debt is approximately $2,509.00. The Class F creditor shall be paid 100% of its claim plus 4% simple interest within one year from the date of plan confirmation. The Class F creditor's lien rights shall remain unchanged post-petition. The Class F creditor is an impaired creditor.

       7. <u>Class G: Secured Claim of Cumberland Harbour Property Owners Association</u>.

Class G consists of the secured claim of Cumberland Harbour Property Owners Association regarding the undeveloped lot APN #150C-655 located in St. Mary, Georgia. The fair market value of the real property is $10,000.00. The Class G creditor debt is approximately $7,358.00. The Class G creditor shall be paid 100% of its claim plus 4% simple interest within one year of the date of plan confirmation. The Class G creditors shall retain the same lien rights post-petition as existed pre-petition. The Class G creditor is an impaired creditor.

       8. Class H: <u>Unsecured General Non-Disputed Claims</u>.

Class H consists of the unsecured non-disputed claims in the approximate amount of $117,414.00. Attached hereto and identified as Exhibit "B" to the Disclosure Statement is a list of the Class H creditors. The Class H creditors shall be paid as follows:

  a.  The Class H creditors shall receive a pro-rata distribution of funds from the trust account proceeds remaining after payment of the administrative claim for attorney fees of Charles B. Greene within 90 days of entry of final judgment of confirmation of the Plan, and the remainder of the amounts owed constituting up to 100% of the Class H creditor claims shall be paid within one year of the date of entry of a final judgment of confirmation from sale proceeds of the property located at 2573 Madden Avenue, San Jose, California. The Class H creditors will receive 4% simple interest on account of their claim amounts.

The Class H creditors are impaired creditors.

PLAN                                                            7

# V

## MEANS FOR IMPLEMENTATION OF THE PLAN

### A. SOURCE FOR FUNDS FOR PAYMENTS TO CREDITORS

The principal source of the Debtor' funds to pay creditors the dividends described in the Plan shall be from the trust account proceeds held in the Debtor's trust account at Wells Fargo Bank and from sale of the Debtor's real property located at 2573 Madden Avenue, San Jose, California (which sale shall occur within one year following the date of entry of a final judgment approving the Plan). The current balance is approximately $156,435.50.

### B. PREPAYMENT

Nothing in this Plan shall prohibit early Distribution on account of Allowed Claims; such Distribution may be made at the option of the Debtors without penalty.

# VI

## RETENTION, ENFORCEMENT AND WAIVER OF CLAIMS

Debtors shall retain any and may enforce claims held by it or its estate except such claims which may have been waived, relinquished, or released in accordance with the Plan.

# VII

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

There are no executory contracts or unexpired leases.

# VIII

## EFFECT OF CONFIRMATION

On the Effective Date, all property of the estate shall vest in the Reorganized Debtor pursuant to Section 1141(b) of the Bankruptcy Code, provided that the vesting of said property shall be without prejudice and shall not act as a bar to a post confirmation motion to convert this case to one under chapter 7 of title 11 by the United States Trustee or any other party in interest on any appropriate grounds, and upon the granting of such motion the Plan shall terminate and the chapter 7 estate shall consist of all remaining property of the chapter 11 estate not already administered. Such remaining

property shall be administered by the chapter 7 trustee as prescribed in chapter 7 of the Bankruptcy Code. The Reorganized Debtors reserves the right to oppose any such motion.

Debtor is not entitled to discharge until all plan payments have been completed.

IX

Post-Confirmation United States Trustee Quarterly Fees

A quarterly fee shall be paid by the Debtor to the United States Trustee, for deposit into the Treasury, for each quarter (including any fraction thereof) until this case is converted, dismissed or closed pursuant to a Final Decree, as required by 28 U.S.C. Section 1930(a)(6).

Chapter 11 Postconfirmation Reports and Final Decree

A. Post-Confirmation Reports Decree

(i) Post-confirmation Reports. Within 30 days following the end of the calendar quarter in which the plan was confirmed, [the reorganized Debtors] shall file a post-confirmation report ("Quarterly Report") in a format provided by the United States Trustee, the purpose of which is to explain the progress made toward substantial consummation of the confirmed plan of reorganization. The Quarterly Report shall include the ending cash balance and a statement of receipts and disbursements for the portion of that calendar quarter not already reported on previously filed monthly operating reports. The Quarterly Report shall also include information sufficiently comprehensive to enable the court to determine: (1) whether the order confirming the plan has become final; (2) whether deposits, if any, required by the plan have been distributed; (3) whether any property proposed by the plan to be transferred has been transferred; (4) whether [the reorganized Debtors] under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under

**PLAN**  9

the plan have commenced; (6) whether accrued fees due to the United States Trustee under 28 U.S.C. § 1930(a)(6) have been paid; and (7) whether all motions, contested matters and adversary proceedings have been finally resolved. Further Quarterly Reports must be filed within 30 days following the end of each subsequent calendar quarter until entry of a final decree, unless otherwise ordered by the court.

(ii) Service Of Reports. A copy of each Quarterly Report shall be served, no later than the day upon which it is filed with the court, upon the United States Trustee and such other persons or entities as may request such reports in writing by special notice filed with the court.

(iii) Final Decree. After the estate is fully administered, [the reorganized Debtors] shall file an application for a final decree, and shall serve the application on the United States Trustee, together with a proposed final decree.

X

RETENTION OF JURISDICTION

Notwithstanding Confirmation or the Effective Date having occurred, the Bankruptcy Court shall retain full jurisdiction, as provided in 28 U.S.C Section 1334, to enforce the provisions, purpose, and intent of this Plan, including without limitation:

1. Determination of the allowability of claims and interests upon objection to such claims and interests;

2. Any determination necessary or appropriate under Bankruptcy Code Section 505 or other determination relating to tax returns filed or to be filed by the Debtor for all periods through the end of the fiscal year in which the Effective Date occurs, including a determination of any carryover tax attributes of the Debtors;

3. Determination of requests for payment of claims entitled under Bankruptcy Code Section 507

(a) (1), including compensation of parties entitled thereto;

    4. Resolution of controversies and disputes regarding the interpretation of this Plan;

    5. Modification of the Plan pursuant to Bankruptcy Code Section 1127;

    6. Adjudication of any causes of action, including avoiding powers of actions, brought by the Debtor; and,

    7. Entry of a final decree closing this Chapter 11 Case.

DATED December 11, 2014.

                                            **By: /s/ Roland Yamaguchi**
                                                **ROLAND YAMAGUCHI**